UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Civil Case No. 07-MC-_____ |
| | : | Criminal Case No.3:06CR190 (JCH) |
| | : | |
| v. | : | |
| | : | |
| | : | **REDACTED VERSION FOR** |
| ANTHONY M. PERONE | : | **PUBLIC FILING** |

# PROTECTIVE ORDER

On _____, 2007, this Court entered judgment finding the defendant, Anthony M. Perone, guilty of Counts Two and Three of the Indictment brought in the criminal case of <u>United States v. Anthony M. Perone</u>, 3:06CR190 (JCH), which charged him with knowingly mailing threatening communications in violation of 18 U.S.C. § 876(c). The Court sentenced the defendant to _____ months imprisonment, to be followed by _____ years of supervised release.

The United States has moved this Court, pursuant to 18 U.S.C. §1514, for a protective order to prohibit the defendant from directly or indirectly harassing or otherwise contacting the victim in this case following the term of incarceration and supervised release imposed in connection with the case.

Pursuant to the plea agreement in this matter, the defendant has consented to the entry of this Order, which is intended to restrain the defendant from directly or indirectly harassing or contacting the victim for a period of three years from the expiration of any term of supervised release and the execution of which is to be stayed such that it becomes effective or "issues" as that term is used in 18 U.S.C. §1514(b)(4), beginning on the first date that any term of supervised release imposed on the defendant terminates.

As part of his plea agreement, the defendant, Anthony M. Perone, and the government stipulated and agreed that, were the case to proceed to trial, the government would be able to prove beyond a reasonable doubt, that on or about May 4, 2006, in the District of Connecticut and elsewhere, including the District of Minnesota, the defendant, Anthony M. Perone, knowingly and willfully did cause to be delivered by the U.S. Postal Service, to a residence located at an address in Bridgeport, Connecticut, an envelope and a letter, which together were addressed to another person, and which together threatened to injure the person of another. The defendant and the government further stipulated and agreed that, were the case to proceed to trial, the government would be able to prove beyond a reasonable doubt, that on or about May 16, 2006, in the District of Connecticut and elsewhere, including the District of Minnesota, the defendant, Anthony M. Perone, knowingly and willfully did cause to be delivered by the U.S. Postal Service, to a residence located at an address in Bridgeport, Connecticut, another envelope and a letter, which together were addressed to another person, and which together threatened to injure the person of another. Copies of the letters sent by the defendant are attached to this Order as Exhibits 1 and 2, and are incorporated by reference herein.

During sentencing proceedings before the Court, the government also introduced evidence that the May 4, 2006 and May 16, 2006 letters were intended for **[VICTIM'S NAME REDACTED]** (hereinafter referred to as "the victim"), although they were initially received by her grandmother at an address where the victim used to live. During sentencing proceedings, the government also adduced evidence that: (1) Anthony M. Perone and the victim attended third and fourth grade together approximately 10 years ago; (2) that, until this incident, the victim did not otherwise remember Anthony M. Perone; and (3) that the letters not only contained threatening

communications directed at the victim and her family, but also contained detailed references to events that had apparently happened over ten years ago when Anthony and the victim attended the **[SCHOOL NAME REDACTED]** in third and fourth grade.

During sentencing proceedings before the Court, the government also introduced evidence that, on June 6, 2006, law enforcement agents executed a federal search warrant at the defendant's residence in Minnesota and uncovered hundreds of pages of additional bizarre and deeply disturbing writings, meanderings, scribblings and drawings evidencing threats and plans to kill not only the victim, but also certain of her third and fourth grade co-students and her family. Officers also seized what appeared to be additional mailings – namely, additional writings and drawings that were directed to the victim and were virtually identical to the mailings previously sent. Law enforcement officers also recovered a recently purchased assault rifle with a scope, which was consistent with the firearms Perone had drawn in his May 4 and May 16 mailings. Officers also obtained a copy of the receipt and other documentation related to Perone's purchase of the assault rifle, which indicated that he had purchased the weapon between May 4 and May 16, 2006. Officers also recovered a backpack filled with hundreds of rounds of ammunition; a packed suitcase that contained a machete or sword with what appeared to be a recently sharpened blade, and which was at least 16 to 18 inches in length; additional knives, flashlights and binding wire; documents suggesting anticipated travel to Connecticut; documents reflecting research on the victim and her family; "to do lists" that discussed, among other things, places to stay in Connecticut, additional things to obtain (e.g., hand grenades, homemade bombs, additional firearms, a mask; and a glass cutter) and thoughts on completing his task (e.g., "break in at night."). A PDF document containing photos of certain of the materials recovered from the search is attached as Exhibit 3 and incorporated by reference herein.

In addition, as acknowledged by his signature on the consent form annexed to this Order, the defendant admits that he wrote the letters annexed to this Order as Exhibits 1 and 2, and that he knowingly deposited them or caused them to be deposited in an authorized depository to be sent or delivered by the United States Postal Service.

Following the hearing of the government's motion during the sentencing proceedings in this case; upon the basis of the defendant's admissions and his consent set forth in the Acknowledgment and Consent attached to this Order, and on the basis of all the evidence adduced during the prosecution of this matter, including the evidence adduced during the sentencing proceedings, and in light of the defendant's waiver of any other hearing or proceedings pursuant to 18 U.S.C. § 1514 prior to the entry of this Order, this Court hereby finds, by a preponderance of the evidence and pursuant to Title 18, United States Code, Section 1514:

(1) that harassment of an identified victim in a Federal criminal case exists – namely **[VICTIM'S NAME REDACTED]** (hereinafter referred to as "the victim")

(2) that the defendant has engaged in harassment of the victim by engaging in a course of conduct, including the making of threatening and harassing communications in writing, that has caused substantial emotional distress to her, and which served no legitimate purpose; and

(3) that the issuance of a protective order is necessary to prevent any further such harassment.

THEREFORE, upon motion of the government, and with the consent of the defendant,

IT IS HEREBY ORDERED, pursuant to Title 18, United States Code, Section 1514 that:

(1) The defendant, Anthony M. Perone, is restrained from any and all knowing or intentional harassment of, or contact with, **[VICTIM'S NAME REDACTED]** (hereinafter

referred to as "the victim"), directly or indirectly.

(2) The defendant, Anthony M. Perone, is specifically prohibited from knowingly or intentionally contacting, or causing any other person to contact on his behalf, the victim directly or indirectly, orally or in writing, whether in person, or by mail, telephone, email, text message, or otherwise via the internet, or by any other means.

(3) The defendant, Anthony M. Perone is further prohibited from knowingly or intentionally making any threatening or harassing communications about the victim to any other person directly or indirectly, orally or in writing, whether in person, or by mail, telephone, email, text message, or otherwise via the internet, or any other means, such as posting or circulating information or spreading rumors about the victim on the internet, in a public place, or by word of mouth.

(4) The defendant, Anthony M. Perone, is further prohibited from knowingly or intentionally damaging or threatening damage to the property of the victim.

(5) The defendant, Anthony M. Perone is further prohibited from knowingly or intentionally obtaining personal information about the victim by accessing public records, or through the use of the internet, search services, private investigators, or through contact for such purposes with the victim's family, friends, employers, co-workers, or neighbors.

(6) The defendant, Anthony M. Perone is further prohibited from knowingly or intentionally having any contact of any type with the victim, directly or indirectly, and from knowingly or intentionally being physically present within one mile of the victim.

(7) The defendant, Anthony M. Perone shall, upon the termination of any period of supervised release, provide to the Court and the Victim-Witness Coordinator for the United

States Attorney's Office for the District of Connecticut (who is located at 157 Church Street, New Haven, Connecticut 06510), in writing, his current living address, and he shall notify the Court and the Victim-Witness Coordinator for the United States Attorney's Office for the District of Connecticut in writing of any change of address within forty-eight hours of any such change during the pendency of this Order.

(8) The defendant, Anthony M. Perone is also prohibited from traveling outside the District of Minnesota, except with notice to this Court and to the Victim-Witness Coordinator for the United States Attorney's Office for the District of Connecticut (who is located at 157 Church Street, New Haven, Connecticut 06510). Notice of any such travel shall be made, in writing, on at least two weeks' notice to the Court and to the Victim-Witness Coordinator for the United States Attorney's Office for the District of Connecticut, shall state the reason for such travel, and shall set forth the defendant's itinerary in detail.

(9) The defendant, Anthony M. Perone, is also prohibited from entering the State of Connecticut without notice to this Court and to the Victim-Witness Coordinator for the United States Attorney's Office for the District of Connecticut (who is located at 157 Church Street, New Haven, Connecticut 06510), and he may only do so with the express permission of this Court. Any request for such permission to travel to the District of Connecticut shall be made, in writing, on at least two weeks' notice to the Court, with a courtesy copy provided to the Victim-Witness Coordinator for the United States Attorney's Office for the District of Connecticut; shall state the reason such permission is sought; and shall set forth the defendant's itinerary in detail. The defendant shall comply with any conditions set by the Court if the Court grants permission to travel.

(10) The defendant, Anthony M. Perone, shall possess no firearms, ammunition or weapons of any type.

IT IS FURTHER ORDERED that this Order may be subject to modification upon motion of either party, or *sua sponte* by the Court, provided that each party is afforded notice and a meaningful opportunity to be heard regarding any proposed modification to this Order.

IT IS FURTHER ORDERED that this Order be filed both in the instant criminal case, but also in a newly opened miscellaneous civil case, so that the Court can and will retain jurisdiction over this Order in the miscellaneous civil case beyond the termination of any period of incarceration and supervised release, and the corresponding termination of its jurisdiction in the criminal case.

IT IS FURTHER ORDERED that a violation of this Order may be considered contempt of Court.

IT IS FURTHER ORDERED that the execution of this protective order be stayed such that it becomes effective or "issues" as that term is used in 18 U.S.C. §1514(b)(4), beginning on the first date that the term of supervised release imposed on the defendant terminates. The protective order shall remain in effect for a period of three years and an attorney for the government may, at any time within ninety days before the expiration of this Order, apply for a new protective order under the procedures set forth in 18 U.S.C. § 1514.

SO ORDERED.

_____
JANET C. HALL
UNITED STATES DISTRICT JUDGE

# ACKNOWLEDGMENT AND CONSENT

Anthony M. Perone, being duly sworn, deposes and says:

1. I am the defendant in the criminal case of <u>United States v. Anthony M. Perone</u>, 3:06CR190 (JCH) (D. Conn).

2. I wrote the letters intended for the victim that are annexed to the foregoing Order as Exhibits 1 and 2, and I knowingly deposited or caused such letters to be deposited or delivered by the United States Postal Service.

3. Having consulted with my Attorney, Paul Thomas, Esq., and having been advised of the nature of the proposed Order, the procedures set forth in 18 U.S.C. §1514, and of my rights pursuant to 18 U.S.C. §1514, I hereby knowingly and voluntarily waive in open court <u>March 16, 2007</u> any further proceedings pursuant to 18 U.S.C. §1514 and knowingly and voluntarily consent to the issuance of the foregoing Order by the Honorable Janet C. Hall, United States District Judge for the District of Connecticut. I further knowingly and voluntarily consent to the stay of the execution of the protective order such that it becomes effective or "issues" as that term is used in 18 U.S.C. §1514(b)(4), beginning on the first date that the term of my supervised release terminates. I also knowingly and voluntarily agree to the opening of a miscellaneous civil case in which this Order will also be filed, and knowingly and voluntarily agree to the Court's maintaining jurisdiction over the Order in that civil case beyond the termination of any period of incarceration; any period of supervised release; and any termination of jurisdiction of the Court over the criminal case.

4. I understand and hereby consent and agree that a knowing or intentional violation of the Court's Order may be considered contempt of Court which may expose me to additional penalties.

---

ANTHONY M. PERONE                                    Date
The Defendant

Sworn and Subscribed to before me this _____ day of _____ 2007.

---
JANET C. HALL
UNITED STATES DISTRICT JUDGE

---

PAUL THOMAS, ESQ.                                    Date
Attorney for the Defendant